UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 01-12-CV-10248-JCB

JOSEPH J. REBELLO,

Plaintiff

v.

JAMES TROUT and the
CITY OF NEW BEDFORD,

Defendants

ANSWER OF DEFENDANTS

## PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

5. The allegations set forth in Paragraph 5 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

6. The allegations set forth in Paragraph 6 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

## FACTS

7.      Admitted.

8.      Denied.

9.      The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.     Admitted.  Further answering, defendants state that the layoff involved four (4) EMS Field Supervisors, including plaintiff, and was based upon financial constraints confronting the City.

## COUNT I

11.     The defendants restate and incorporate by reference their responses to Paragraphs 1-10.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

## COUNT II

16.     The defendants restate and incorporate by reference their responses to Paragraphs 1-15.

17.     Denied.

## COUNT III

18.     The defendants restate and incorporate by reference their responses to Paragraphs 1-17.

19.     Denied.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

## THIRD DEFENSE

The actions and conduct of the individual defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and/or did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity from suit and liability.

## FOURTH DEFENSE

The individual defendant did not engage in any conduct comprising threats, intimidation and coercion, and therefore is not liable under the Massachusetts Civil Rights Act.

## FIFTH DEFENSE

The complained-of action would have been taken in the absence of the plaintiff's service in the National Guard.

## SIXTH DEFENSE

The plaintiff failed to give proper statutory notice.

## SEVENTH DEFENSE

There is no right of action against the individual defendant under 38 USC §4301, *et seq.*

## EIGHTH DEFENSE

Plaintiff is precluded from bringing a Section 1983 claim predicated on an alleged violation of 38 USC §4301, *et seq.*

## NINTH DEFENSE

The plaintiff did not engage in any speech protected under the First Amendment.

## TENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendants are entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The defendants respectfully demand a trial by jury on all claims.

DEFENDANTS JAMES TROUT
and CITY OF NEW BEDFORD

By their attorneys,


/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO #65588)
Kopelman and Paige, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110
(617) 556-0007

## CERTIFICATE OF SERVICE

I, Joseph L. Tehan, Jr., certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.  /s/Joseph L. Tehan, Jr.

444581/20100/0001