UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10248-GAO

JOSEPH J. REBELLO,
Plaintiff,

v.

CITY OF NEW BEDFORD and JAMES TROUT,
Defendants.

ORDER
November 13, 2013

O'TOOLE, D.J.

The plaintiff, Joseph J. Rebello, claims that the defendants, the City of New Bedford and Emergency Medical Services Department Director James Trout, wrongfully terminated his employment because of his service in the Army National Guard in violation of anti-discrimination and anti-retaliation provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311. The defendants jointly move for summary judgment (dkt. no. 21) as to those claims. The plaintiff also had claimed that Trout violated his free speech rights by terminating him because of certain critical statements he made, but at oral argument on the present motion he abandoned those claims.

## I.     Background

There is no genuine dispute as to the following facts. Rebello was employed full-time as a paramedic field supervisor in the City of New Bedford's Emergency Medical Services ("EMS") Department. The City employed four such field supervisors, two of whom, including Rebello, were members of the Army National Guard. Only one other employee of the EMS Department was a member of the military, paramedic Lance Soares. On January 27, 2009,

Rebello informed the City of his impending deployment to active duty for one year, effective February 1, 2009.

Earlier in January, the State announced that local aid to the City for the last five months of the fiscal year would be cut by $2.8 million. The City responded by implementing a hiring freeze and banning capital expenditures, among other things. In addition, the mayor acted to reduce the City payroll by laying off 176 employees across 25 departments. The City eliminated a number of positions, including all four field supervisors in the EMS Department. As a result, all four field supervisors, including Rebello, were laid off at the direction of the mayor. Trout notified Rebello of his layoff by letter on February 13, 2009. To date, the field supervisor position has not been reinstated.

## II.     Legal Standard

Summary judgment is appropriate where the moving party has shown "that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "In order to overcome a motion for summary judgment, the non-moving party must put forth specific facts to support the conclusion that a triable issue subsists." Vega-Colon v. Wyeth Pharm., 625 F.3d 22, 25 (1st Cir. 2010) (quoting Martinez-Rodriguez v. Guevara, 597 F.3d 414, 419 (1st Cir. 2010)). "On each issue on which the non-moving party has the burden of proof, that party must present definite, competent evidence to rebut the motion." Id. (internal quotation marks omitted). "Neither wishful thinking . . . nor conclusory responses unsupported by evidence will serve to defeat a properly focused Rule 56 motion." Velazquez-Garcia v. Horizon Lines of P.R., Inc., 473 F.3d 11, 15 (1st Cir. 2007) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). The

record must be "viewed in the light most favorable to the nonmoving party" and "all reasonable inferences drawn in favor of the nonmoving party." Bukuras v. Mueller Grp., LLC, 592 F.3d 255, 261 (1st Cir. 2010).

### III. Discussion

Rebello alleges that the City and Trout violated USERRA's anti-discrimination and anti-retaliation provisions by "discriminating against, harassing, punishing, suspending and ultimately terminating [his] employment" because of his military status and his assertion of rights under USERRA. (Compl. at ¶¶ 13, 14 (dkt. no. 1).) To prevail in an action under USERRA, a plaintiff must make "an initial showing . . . that military status was at least a motivating or substantial factor in the employer action . . . ." Velazquez-Garcia, 473 F.3d at 17 (internal quotation marks omitted). Once the plaintiff has made this prima facie showing, the burden shifts to the employer to "prove, by a preponderance of evidence, that the action would have been taken despite the protected status." Id.

    A.    Discrimination

        i.    *Termination*

To meet his prima facie burden that his military status was a motivating factor in his termination, Rebello proffers the following evidence: (1) the proximity in time between his notice of deployment and his termination; (2) some negative comments made by EMS supervisors about his military activity; (3) the City's failure to apprise him of his rights under USERRA; and (4) the City's refusal to pay him for unused personal days and military leave time.

Even when viewing the record in the light most favorable to him and drawing all reasonable inferences in his favor, Rebello has failed to present sufficient evidence of discriminatory motivation. Although it is undisputed that he was terminated only two weeks after

announcing his upcoming deployment, temporal proximity alone is insufficient. Vega-Colon v. Wyeth Pharm., 625 F.3d 22, 29 (1st Cir. 2010). The derogatory comments he relies on were more or less ambiguous, but in any event were few, isolated, and not temporally proximate to his termination. They are properly regarded as "stray remarks" with little or no probative value. Cf. Gonzalez v. El Dia, Inc., 304 F.3d 63, 69-70 (1st Cir. 2002); Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 36 (1st Cir. 2001). Trout's alleged comment in 2006, even if the content were indicative of anti-military animus, was too isolated and removed in time to the relevant events to suggest that military status was a motivating factor in Rebello's termination, even assuming, contrary to the factual record, that Trout was a decision-maker. The 2008 comment attributed to Assistant Director Steven Arruda is similarly isolated, and there is no indication that Arruda played any role in the termination decision.

Rebello's remaining allegations, first, that the City did not notify military member employees of their rights and privileges, and second, that the City did not pay Rebello his unused personal days and military leave time after he gave notice of his deployment, are not probative of discriminatory intent. One of his arguments in support of these claims is actually at odds with his basic contention of discrimination on the basis of military status. He says that he learned that the City would pay benefits from other employees in the military who had been receiving such benefits. Plainly, the City was not treating those employees adversely because of their military status. Nor is the fact that he, for whatever reason, was unaware of the benefits probative of discrimination against him on the basis of his military status.

Even if he had met his prima facie burden, however, the defendants would still be entitled to summary judgment because Rebello completely fails to rebut the defendants' well-supported contention, undisputed on the summary judgment record, that the City would have terminated

Rebello if he had not been a member of the uniformed services. See 38 U.S.C. § 4311(c). The City asserts, and Rebello does not dispute, that there was a massive reduction in the City's workforce – 176 positions across 25 departments – because of the unforeseen budget reduction of $2.8 million. All four field supervisors were laid off, including the two who had no connection with the military. Moreover, it is not genuinely subject to factual dispute that the layoff decision was made by the mayor, not the EMS Department. There is absolutely no evidence that the mayor had any discriminatory intent in selecting the EMS field supervisor position for elimination.

Finally, Rebello claims that the elimination of his position "despite the fact that [the defendants] had the obligation to reemploy the Plaintiff in that position when he returned from active duty" was a "clear violation of USERRA's reemployment provisions." (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 14 (dkt. no. 29).) Rebello misunderstands USERRA to immunize him from termination for any reason while on a leave of absence for military service. Cf. 20 C.F.R. § 1002.42(c) ("[T]he employee is not entitled to reemployment following the period of service simply because he or she is a covered employee."). In any event, the question is simply irrelevant to the question of whether or not the City would have terminated Rebello if he were not in the military.

      *ii.    Harassment*

Rebello further claims that the defendants violated USERRA by harassing him because of his military service. (Compl. at ¶ 12.) Assuming in his favor that such a claim is cognizable under USERRA, Rebello has failed to establish "harassing behavior sufficiently severe or pervasive to alter the conditions of his employment." Vega-Colon, 625 F.3d at 32 (citations omitted) (internal quotation marks omitted). There is no allegation that the stray comments here

interfered with Rebello's work performance, subjected him to humiliation or threat of harm, or otherwise amounted to objectively offensive conduct. As no reasonable factfinder could find in Rebello's favor, the defendants are entitled to summary judgment.

    B.    <u>Retaliation</u>

Under 38 U.S.C. § 4311(b):

> An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

Rebello has not alleged that he participated in any such activities prior to his termination but rather bases his retaliation claim solely on the fact of his military service. (<u>See</u> Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts at ¶ 25 (dkt. no. 28).) Therefore, his claim must fail, as there are no genuine issues of material fact to be presented to the factfind. Summary judgment shall enter for the defendants as to these claims.

## **IV.**  **Conclusion**

For the reasons set forth herein, the defendants' Motion (dkt. no. 21) for Summary Judgment is GRANTED. Judgment shall enter for the defendants.

It is SO ORDERED.

                                            <u>/s/ George A. O'Toole, Jr.</u>
                                            United States District Judge